IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADONAI EL-SHADDAI,

    Petitioner,                            No. CIV S-06-1981 GEB GGH P

    vs.

T. FELKER, Warden,                     <u>ORDER</u> &

    Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are: 1) respondent's October 19, 2006, motion to dismiss for failure to exhaust state court remedies, re-served on November 15, 2006; 2) petitioner's December 5, 2006, motion to strike the motion to dismiss, which the court construes as petitioner's opposition to that motion; 3) petitioner's February 15, 2007, motion for a declaratory judgment; 4) petitioner's June 25, 2007, motion for appointment of counsel.

        Petitioner, convicted in 1979 of kidnapping for robbery, was sentenced to life with the possibility of parole, and herein challenges the October 15, 2003,[1] decision denying him

---

[1] The hearing transcript is dated July 17, 2003, and the "final date of decision" is noted on the transcript as "Oct. 15" (with the year illegible). Petition, p. 67.

1

1 parole. Petition, pp. 9, 63-67. Petitioner includes with his petition a state supreme court denial, dated August 2, 2006. Respondent moves for dismissal of this action for petitioner's failure to exhaust state court remedies, averring that the exhibit petitioner attached to his petition in order to demonstrate exhaustion is a California Supreme Court denial for Case No. S145213, which petition, respondent states does not challenge his 2003 parole denial, but rather a 2005 prison disciplinary. Motion, p. 5. Respondent attaches as Exhibit 1, petitioner's petition in Case No. S145213, which does, indeed, challenge a prison disciplinary action in 2005.

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

In opposition, petitioner concedes that he attached the wrong exhibit to his petition,[2] but maintains that he has exhausted his state court remedies as to his 2003 parole denial, this time attaching a state supreme court denial, filed on November 15, 2006, for Case No. S141625. Motion to Strike, pp. 3-5 & Exhibit A. Petitioner sets forth in a declaration under penalty of perjury that he inadvertently attached the decision in the wrong case to the petition and that the state supreme court denial in Case No. S141625 is the petition denial that demonstrates exhaustion of state court remedies as to the 2003 parole denial he challenges in this case. Although petitioner does not attach a copy of his petition to the state supreme court in Case No. S141625, he has, as noted, submitted a declaration under his oath stating that this is the denial for the correct case. Respondent does not dispute petitioner's representation, having filed no reply (or opposition to his motion to strike). The court will find that petitioner on this showing has

---

[2] Petitioner was consistent in mis-identifying the state supreme court denial in Case No. S145213 as the relevant one for this case on the petition form itself. Petition, p. 11.

adequately demonstrated exhaustion of his state court remedies vis-à-vis his 2003 parole challenge.  Having construed petitioner's motion to strike as an opposition to respondent's motion, the court will recommend denial of respondent's motion to dismiss and that respondent be directed to file an answer.

As to petitioner's motion for a declaratory judgment, it is disregarded as inapposite.

Petitioner asks the court to appoint Thomas Masters, of Oakland, as counsel.  If Mr. Masters seeks to be substituted in as counsel for petitioner, he may so move.  Otherwise, there currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's December 5, 2006, motion to strike is construed as an opposition to respondent's motion to dismiss, and is otherwise denied as moot.

2. Petitioner's February 15, 2007, motion for a declaratory judgment is disregarded as inapposite.

3. Petitioner's June 25, 2007 motion for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

IT IS RECOMMENDED that respondent's October 19, 2006, motion to dismiss for failure to exhaust state court remedies, re-served on November 15, 2006, be denied and that respondent be directed to file an answer within thirty days of adoption of these findings and recommendations, should that occur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

1 days after being served with these findings and recommendations, any party may file written
2 objections with the court and serve a copy on all parties.  Such a document should be captioned
3 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4 shall be served and filed within ten days after service of the objections.  The parties are advised
5 that failure to file objections within the specified time may waive the right to appeal the District
6 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/3/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
shad1981.mtd+