UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILKERSON, a/k/a Adonai El-Shaddai,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br><br>T. FELKER, Warden,<br><br>　　　　　　　　Respondent. | Case No. 2:06-cv-01981-AK<br><br><br><br><br>ORDER |

　　Adonai El-Shaddai was sentenced in 1979 to life with the possibility of parole for kidnaping for purposes of robbery. El-Shaddai and a companion forced the victim into her car at gunpoint. Both men raped her. They then released her, taking her money and her car.

　　At El-Shaddai's 2003 parole hearing, the Board of Prison Terms found that he was "not suitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released." El-Shaddai filed a habeas petition in Los Angeles County Superior Court, claiming that the denial of parole violated his constitutional rights. The court denied the petition, holding that "some evidence" supported the board's decision. The state appellate and supreme courts

affirmed. El-Shaddai then filed a federal habeas petition, claiming that the board's decision was unsupported by evidence, that the board violated the Sixth Amendment by considering facts not found by a jury, and that the state habeas courts incorrectly applied state law. El-Shaddai also filed a motion for a preliminary injunction to prevent the Board of Prison Terms from considering two of his mental health evaluations at his parole hearing in March 2009.

Under 28 U.S.C. § 2254, a federal court can grant El-Shaddai's habeas petition only if the state court's adjudication of his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts." We look to the last reasoned state court decision to make that determination. Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991); Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007).

1. El-Shaddai claims he was denied due process because the parole board's decision was unsupported by evidence. The last reasoned state court decision on the issue is the Superior Court's denial of his habeas petition. The decision was not an unreasonable application of federal law. California prisoners have a liberty interest in parole. Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006). Due process therefore requires that parole denials be supported by "some

evidence in the record." Id.; cf. Greenholtz v. Inmates of the Neb. Penal and Corr. Complex, 442 U.S. 1, 12 (1979). This standard was clearly established by Superintendent v. Hill, 472 U.S. 445, 454 (1985), when the Superior Court made its decision. See Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007).

The Superior Court reasonably applied this standard, finding that the parole board's stated reasons for denying parole were supported by evidence. First, the board found that the nature of the commitment offense weighed against granting parole, because the offense "demonstrate[d] a disregard for human suffering" and "[t]he victim was abused and defiled." See Cal. Code Regs., tit. 15, § 2281. There was evidence to support this finding. In addition to kidnaping and robbing the victim, El-Shaddai and his companion raped her, although they knew that she was pregnant. They also kept her trapped in her car with them while they discussed using her as a hostage to commit another robbery or killing her and dumping her body in the Los Angeles harbor.

Another reason for the board's decision was El-Shaddai's "escalating pattern of criminal conduct." There was evidence supporting this factor as well. El-Shaddai committed several prior, less serious crimes as both a juvenile and an adult. He was on probation at the time of the kidnaping and rape. As the Superior Court noted, El-Shaddai also has a "considerable disciplinary record in prison,"

including 88 citations for "serious misconduct."

Finally, the board found El-Shaddai unsuitable for parole because Dr. Elaine Mura's mental health evaluation was "not totally supportive of release." There was ample evidence for this finding. The evaluation diagnosed El-Shaddai with "antisocial personality disorder with narcissistic and paranoid features," finding that "[s]igns of psychopathy were rampant" in his past and current behavior, "including grandiosity, a high need for stimulation, pathological lying, manipulativeness, lack of significant remorse/guilt, shallow affect, callousness, a parasitic lifestyle, poor behavioral controls, promiscuity, early behavior problems . . . and criminal versatility . . . . Violent and negative feeling seem to be just beneath the surface." Overall, Mura determined that El-Shaddai presented a "moderately high risk for violence" if released.

2. Next, El-Shaddai claims that the parole board violated the Sixth Amendment by considering facts not found by a jury beyond a reasonable doubt. Because no state court explained its reasoning in rejecting the claim, this court must independently review the record to determine if the decision was objectively reasonable. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). It was. A jury must find beyond a reasonable doubt only facts used to increase a sentence "beyond the prescribed statutory maximum." Blakely v. Washington, 542 U.S.

page 5

296, 301 (2004). El-Shaddai was sentenced to life in prison with the possibility of parole. The denial of parole does not increase this sentence beyond its maximum term, and there is "no constitutional guarantee that [parole] decisionmaking must comply with standards that assure error-free determinations." Greenholtz, 442 U.S. at 7. It would be inappropriate for a parole board to consider only facts found by the jury at the prisoner's trial, disregarding subsequent evidence of rehabilitation or dangerousness, see Irons, 505 F.3d at 853–54, and the Supreme Court has certainly never held that a prisoner is entitled to have a jury determine his eligibility for parole. Such a right is therefore far from clearly established.

**3.** El-Shaddai also claims that the state habeas courts failed to consider state cases and regulations mandating a lower sentence and fixed term for his crime. This court cannot consider these arguments, as a federal writ of habeas corpus is only available for violations of federal law. Estelle v. McGuire, 502 U.S. 62, 67 (1991).

**4.** El-Shaddai filed a motion for a preliminary injunction or temporary restraining order prohibiting the Board of Prison Terms from considering Dr. Mura and Dr. Donna Robinson's mental health evaluations at his March 2009 parole hearing. Mura's evaluation concluded that El-Shaddai poses "a moderately high

page 6

likelihood of becoming involved in a violent offense if released;" Robinson's evaluation concluded that El-Shaddai poses "a relatively high risk of general recidivism and a moderate-high risk of sexual recidivism if released."

El-Shaddai argues that these evaluations are unreliable because evaluations by other doctors in prior years concluded that he posed an "average" or "below average" risk of violence, and that consideration of the evaluations would violate the Sixth Amendment. To qualify for a preliminary injunction, El-Shaddai must show a "fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 753 (9th Cir. 1982) (citation and internal alterations omitted). El-Shaddai cannot meet this standard. No clearly established federal law limits the parole board to considering only facts found by a jury or satisfying a particular standard of reliability. See Greenholtz, 442 U.S. at 8.

Petitioner's applications for a writ of habeas corpus and a preliminary injunction are DENIED.

ALEX KOZINSKI
Chief Circuit Judge[*]

January 7, 2009

---

[*] Sitting by designation pursuant to 28 U.S.C. § 291(b).